Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com
**MEYER STEPHENSON**
1 SW Columbia St., Ste. 1850
Portland, OR 97258
Phone: (503) 459-4010
Fax:    (503) 512-5022

*Of Attorneys for Plaintiff Lincoln W. Flores*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LINCOLN W. FLORES**, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES** |
| **RIVER CITY GROUP, INC. d/b/a OREGON BEACH VACATIONS** and **DEAN MCELVEEN**, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Lincoln W. Flores, by and through undersigned counsel, makes the following

complaint against his former employer, River City Group, Inc. d/b/a Oregon Beach Vacations, and

Dean McElveen alleging as follows:

PAGE 1 –    COMPLAINT

## NATURE OF THE ACTION

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for himself to redress injuries done to him by Defendant River City Group, Inc. d/b/a Oregon Beach Vacations (hereafter "RCG" and "Defendant") and Dean McElveen, and officers, employees or agents of Defendant in contravention of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 *et seq*., and his state protected rights under Oregon Revised Statutes ("ORS") 659A.030 and 659A.199.

## JURISDICTIONAL ALLEGATIONS

2.

Plaintiff is a resident of Otis, Oregon.

3.

Defendant River City Group, Inc. d/b/a Oregon Beach Vacations (hereafter "RCG"), is an Oregon corporation with its principal place of business in Lincoln City, Oregon. At all material times, Defendant was Plaintiff's employer.

4.

At all material times, Plaintiff was supervised by RCG's employees or agents and Plaintiff relied on the actual or apparent authority of RCG's employees, supervisors and managers.

5.

This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 & 1343. This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claim.

PAGE 2 –    COMPLAINT

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

## FACTUAL ALLEGATIONS

6.

On or around August 14, 2017, Plaintiff began working for RCG as a laundry attendant. RCG is a company that provides vacation rentals on the Oregon coast.

7.

Plaintiff's race is Native American and his national origin is Mexican.

8.

About two weeks into Plaintiff's employment with RCG, Plaintiff learned that a white Housekeeping Supervisor, Candace Miller, had overheard him refer to his significant other as his "partner" and she then began inquiring about Plaintiff's personal life with his coworkers. Plaintiff identifies as bisexual and he does not embody stereotyped impressions about the characteristics of heterosexual men or heterosexual defined gender norms. As it did not seem like Miller took up the same interest in his heterosexual coworkers, Plaintiff felt Miller was intruding on his privacy because of his sexuality. In the months that followed, Plaintiff overheard a conversation between Miller and a coworker, Roy, about HIV/AIDS, in which Miller said that HIV/AIDS was started by "queers" and "faggots."

9.

On or around June 16, 2018, Plaintiff was performing his duties in the RCG's laundry room when a white Housekeeping Supervisor, Candace Miller, arrived with a new employee to introduce him to the staff. As Miller was engaging in conversation with the employees, which included her son, Miller turned to Plaintiff and stated, "Lincoln, I don't need you harassing these boys or my son, I'm watching you." Plaintiff was immediately upset at Miller implying he's a sexual predator

PAGE 3 –    COMPLAINT

that employees should be warned to have concern about. Plaintiff believed Miller made the comment because of his sexuality and non-conformity with heterosexual male stereotypes.

10.

On or around June 17, 2018, Plaintiff reported Miller's conduct from the previous day to the Director of Operations, Dean McElveen. McElveen told Plaintiff that when he returned from his days off, the situation would be taken care of. At that time, as McElveen is the son of the company's owner, who is also openly bisexual, Plaintiff was optimistic that McElveen was genuine and sincere when he told Plaintiff that the issue would be taken care of.

11.

On or around June 19, 2018, Plaintiff met with McElveen and RCG's District Manager, Kim, and provided them with a written complaint about Miller's June 16th conduct. In his complaint, Plaintiff explained that he felt threatened and unsafe by Miller's comment, and Miller's suggestion to Plaintiff's coworkers that he made sexual advances to employees created a hostile environment for him. Following Plaintiff's complaint, he took a few days off from work due to illness.

12.

In or around late June 2018, Plaintiff received a call from Katie Brown, RCG's Office Manager, and he was informed that McElveen wanted to meet with him. Plaintiff then met with McElveen and he was told that RCG was creating a new "graveyard" position and planned to now process laundry from three facilities for every hour of the day. With this transfer to the lone graveyard position, McElveen promised Plaintiff a raise to $13.00 per hour, up from his $10.75 per hour wage, and McElveen told him not to tell anyone about his raise. McElveen told Plaintiff that other employees been offered the graveyard position, but they had declined to switch shifts.

PAGE 4 –    COMPLAINT

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

Plaintiff was reluctant to accept this transfer as his transportation was dependent on public transportation and his bus line did not run that late into the evening and early morning. However, Plaintiff understood that if he wanted to keep his job, he had to work the graveyard shift, thus, he continued with the transfer.

13.

In the days following Plaintiff's transfer to the graveyard position, a husband and wife duo were hired to assist with Plaintiff's graveyard shift. Days later, Plaintiff was pulled aside by McElveen and he was told that due to the contents of his complaint, he was no longer allowed to work with any male employees. Upon information and belief, the two coworkers were then offered daytime housekeeping positions, though they both ended up quitting. Additionally, McElveen told Plaintiff that the laundry room had camera surveillance and he could watch Plaintiff from his office, home, and phone. Plaintiff felt threatened by McElveen's comments and he further felt like RCG was depicting him as a predator that they didn't yet know how to handle and needed to isolate and surveil.

14.

In or around July 2018, Plaintiff overheard Miller make comments that she didn't like "gays" or people of color and that she intended to replace those workers with "her own kind"

15.

In the time period Plaintiff worked in the graveyard position, he learned from coworkers that McElveen had told others that Plaintiff had quit. Plaintiff additionally learned that other employees had not actually been offered the graveyard shift as McElveen had previously claimed. Furthermore, Plaintiff's paystubs ultimately did not reflect the pay increase McElveen had promised him.

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

16.

In or around late July or early August 2018, Plaintiff and McElveen discussed Plaintiff being moved back to the day shift. McElveen stated that Miller had issues with Plaintiff's attendance, and he was changing hours from 9 pm to 9 am (previously 9 pm to 5 am) so that Plaintiff could "prove" himself with the new hours to get back on day shift. Plaintiff was distraught with the schedule change. To Plaintiff, it felt like RCG was setting him up to fail.

17.

In early August 2018, about a week before Plaintiff's termination, he was warned by a coworker that management was "setting him up." With this warning, Plaintiff's emotional health deteriorated. After weeks of feeling like management had sided with his harasser and reassigned him to an isolated position they could surveil him in, and fearing that RCG was attempting to set him up to fail, Plaintiff was not emotionally well enough to make it into work and he called out sick.

18.

On or around August 15, 2018, Plaintiff received a call from Brown and he was told he was being terminated since the company didn't need him anymore. Plaintiff then asked if he could instead work dayshifts and Brown explained that the company didn't have the hours for him.

**FIRST CLAIM FOR RELIEF**
**Retaliation for Reporting and/or Opposing Sex Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2**

19.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

PAGE 6 –    COMPLAINT

20.

42 U.S.C. § 2000e–3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

21.

Defendant engaged in unlawful employment practices because Defendant discriminated against Plaintiff by: (a) subjecting Plaintiff to differing terms and conditions; and (b) terminating Plaintiff, because Plaintiff reported and/or opposed a practice, sex discrimination and being subject to a hostile work environment, made unlawful by 42 U.S.C. § 2000e *et seq.*

22.

As a result of a violation of 42 U.S.C. § 2000e–2, an employee is entitled to: (1) compensatory damages, such as lost wages and employment benefits, covering past and future losses with appropriate interest, as well as damages for pain, suffering, and emotional distress, 42 U.S.C. §§1981a, 2000e-5(g)(1); (2) punitive damages, 42 U.S.C. § 1981a; and (3) costs and attorney fees, 42 U.S.C. § 2000e-5(k).

23.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continue to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

PAGE 7 –    COMPLAINT

24.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to Plaintiff's non-pecuniary loss, in an amount to be determined at trial.

25.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant's should be assessed punitive damages in an amount to be determined at trial.

26.

As a result of Defendant's unlawful actions, Plaintiff seeks the full extent of damages Plaintiff is entitled to by law.

**SECOND CLAIM FOR RELIEF**
**Retaliation for Reporting and/or Opposing Sex Discrimination**
**ORS 659A.030(1)(f) & ORS 659A.199**

27.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

28.

Defendant discriminated and retaliated against Plaintiff, in the terms and conditions of employment, by transferring Plaintiff, and by terminating him, for reporting in good faith what Plaintiff believed to be evidence of: a legal violation, sex and/or sexual orientation discrimination, and a hostile work environment.

PAGE 8 –    COMPLAINT

29.

**COUNT ONE**: Defendant discriminated against Plaintiff in substantial or motivating part because of his good faith reports of legal violations, including feeling abused, threatened, and unsafe due to conduct done by supervisor Candace Miller, and following Plaintiff's good faith reports, Defendant subjected him to differing terms and conditions of employment, transferred him, and by terminated him, in violation of ORS 659A.199.

30.

**COUNT TWO**: Defendant discriminated against Plaintiff in substantial or motivating part because of his good faith reports of legal violations, including sex and/or sexual orientation discrimination and being subject to a hostile work environment, and following Plaintiff's good faith reports, Defendant subjected him to differing terms and conditions of employment, transferred him, and by terminated him, in violation of ORS 659A.030(1)(f).

31.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial.

32.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

33.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorneys' fees, expert fees, costs and disbursements.

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

34.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this Complaint.

**THIRD CLAIM FOR RELIEF**
**Discrimination Based on Sexual Orientation, Race, and/or National Origin**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)**

35.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

36.

Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

37.

Defendant discriminated against Plaintiff in substantial or motivating part because of his sex and/or sexual orientation, race, and national origin by one or more of the following ways:

a. Subjecting Plaintiff to differing terms and conditions than:

    i. Similarly situated female employees that are attracted to men and/or similarly situated male employees that embody stereotyped impressions about the characteristics of men; and/or

    ii. Similarly situated non-Native American employees; and/or

    iii. Similarly situated non-Mexican employees.

b. Terminating Plaintiff.

PAGE 10 –   COMPLAINT

38.

Defendant's acts as described herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff and/or were in reckless disregard of Defendant's societal obligations, and committed with conscious indifference to the health and safety of Plaintiff.

39.

As a result of Defendant's conduct, Plaintiff suffered lost wages and benefits of employment from his termination date until the anticipated date of trial. Plaintiff is entitled to recover lost wages and benefits of employment.

40.

As a further result of Defendant's unlawful employment practice alleged herein, Plaintiff has suffered non-economic damages in an amount to be determined by a jury based on the evidence presented at trial.

41.

Plaintiff is entitled to reinstatement rights, but if reinstatement of Plaintiff is not feasible, Plaintiff is entitled to recover damages for future lost wages and benefits of employment, and lost earning capacity.

42.

Plaintiff is entitled to an order declaring Defendant in violation of the statutory rights of Plaintiff as set forth in this complaint and to such injunctive relief as the court finds appropriate to cause Defendant to stop its violations of law and disregard of the statutory and constitutional rights of employees.

PAGE 11 –   COMPLAINT

43.

Plaintiff is entitled to an award of attorney fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 1988(c), 42 U.S.C. § 2000e-5(k).

**FOURTH CLAIM FOR RELIEF**
**Discrimination Based on Sexual Orientation, Race, and/or National Origin**
**ORS 659A.030**

44.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

45.

Pursuant to ORS 659A.030(1)(a)-(b) it is an unlawful employment practice for an employer to discriminate against an individual because of their sexual orientation, race, and national origin.

46.

Defendant discriminated against Plaintiff in substantial or motivating part because of his sex and/or sexual orientation, race, and national origin by one or more of the following ways:

a.  Subjecting Plaintiff to differing terms and conditions than:

   i.   Similarly situated female employees that are attracted to men and/or similarly situated male employees that embody stereotyped impressions about the characteristics of men; and/or

   ii.  Similarly situated non-Native American employees; and/or

   iii. Similarly situated non-Mexican employees.

b.  Terminating Plaintiff.

PAGE 12 –   COMPLAINT

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

47.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

48.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered economic loss in a sum to be proven at trial.

49.

Defendant's conduct was wanton and willful and Plaintiff reserves the right to allege punitive damages.

50.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

**FIFTH CLAIM FOR RELIEF**
**Discrimination for Utilizing Oregon Sick Time Leave**
**ORS 653.641**

51.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

52.

Pursuant to ORS 653.641, it is unlawful for an employer to:

(1) Deny, interfere with, restrain or fail to pay sick time to which an employee is entitled under ORS 653.601;

(2) Retaliate or in any way discriminate against an employee with respect to any term or condition of employment because the employee has inquired about

PAGE 13 –   COMPLAINT

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

the provisions of 653.601 to 653.661, submitted a request for sick time, taken sick time, participated in any manner in an investigation, proceeding, or hearing related to ORS 653.601 to 653.661, or invoked any provision of 653.601 to 653.601; or

(3) Apply an absence control policy that includes sick time absences covered under 653.601 to 653.661 as an absence that may lead to or result in an adverse employment action against the employee.

53.

Plaintiff engaged in various activity protected under ORS 653.641, including requesting sick time.

54.

Defendant interfered with, discriminated, and/or retaliated against Plaintiff in the terms and conditions of his employment including, but not limited to, terminating Plaintiff, for requesting sick time.

55.

Plaintiff re-alleges damages and attorneys' fees as set forth above.

**SIXTH CLAIM FOR RELIEF**
**Aiding and Abetting in Discrimination and/or Retaliation**
**ORS 659A.030(1)(g)**

56.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

57.

Defendant Dean McElveen violated Oregon Revised Statute 659A.030(1)(g) by aiding, abetting, inciting, compelling or coercing one another in engaging in unlawful discrimination

PAGE 14 –   COMPLAINT

MEYER STEPHENSON
1 SW COLUMBIA ST., STE. 1850
PORTLAND, OR 97258

and/or retaliation against Plaintiff.  Following Plaintiff's June 17 and June 19, 2018 reports of unlawful activity to McElveen, McElveen played a role in RCG's decisions to reassign Plaintiff to a less desirable position, subject Plaintiff to increased surveillance, and ban Plaintiff from working with male coworkers.

58.

Plaintiff re-alleges damages and attorneys' fees as set forth above.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant for economic damages, non-economic damages, punitive damages, costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107 as alleged in the claims stated above.

Plaintiff also prays for injunctive relief prohibiting Defendant from engaging in further employment discrimination, retaliation, or interference with respect to employee whistleblowing. Plaintiff further prays for such other relief as the court deems just and equitable.

Dated: April 19, 2019.                    **MEYER STEPHENSON**

s/Robert K. Meyer
Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com

*Of Attorneys for Plaintiff Lincoln W. Flores*

PAGE 15 –    COMPLAINT